**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 01-1853**

BROUKTAWIT TADESSE,

Petitioner,

versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A71-795-133)

Submitted: November 20, 2001      Decided: November 30, 2001

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lynda V. Rice, CAROLYN C. EAGLIN & ASSOCIATES, Alexandria, Virginia, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Allen W. Hausman, Senior Litigation Counsel, A. Ashley Tabador, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brouktawit Tadesse, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) adopting the decision of the Immigration Judge (IJ) and denying her application for asylum and withholding of deportation. We have reviewed the administrative record and find that substantial evidence supports the Board's and IJ's conclusion Tadesse failed to show that she suffered persecution or establish a well-founded fear of persecution necessary to qualify for relief from deportation. 8 U.S.C.A. § 1105a(a)(4) (1994);[*] 8 C.F.R. § 208.13(b)(2)(i) (2001); Fatin v. INS, 12 F.3d 1233, 1240, 1243 (3d Cir. 1993); Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992); M.A. v. INS, 899 F.2d 304, 307, 313 & n.6 (4th Cir. 1990) (en banc).

Accordingly, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that 8 U.S.C.A. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.